# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| TINA RESTIVO, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : No. 3:18-CV-68 (CAR) |
| BANK OF AMERICA NA, | : |
| a/k/a BANK OF AMERICA | : |
| CORPORATION, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

On May 22, 2018, *pro se* Plaintiff Tina Restivo filed suit against Defendant Bank of America, NA ("BANA") allegedly also known as Bank of America Corporation ("BAC"),[1] seeking to have a state court judgment overturned and asserting a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Currently before the Court is BANA's Motion to Dismiss Plaintiff's Complaint. Having considered the Motion, pleadings, and applicable law, Defendant's Motion to Dismiss [Doc. 5] is **GRANTED.**

## BACKGROUND

---

[1] Defendant contends that Bank of America, NA and Bank of America Corporation are in fact two separate entities that cannot be combined for convenience of service.

This case arises out of BANA's 2012 foreclosure of Plaintiff's property. Plaintiff is a well-known litigant in this court. Indeed, this is the *fourth* case between BANA and Plaintiff to come before the Court.

In 2009, Plaintiff obtained a loan secured by a security deed on her property at 1020 Bradley Gin Lane, Monroe, Georgia 30656. Plaintiff defaulted on her loan, and BANA became the owner of the property in a non-judicial foreclosure sale in 2012. When Plaintiff failed to relinquish possession, BANA filed a dispossessory action against Plaintiff in the Magistrate Court of Walton County. Plaintiff removed that action to this Court, *Bank of America, N.A. v. Restivo*, 3:12-CV-140(CAR), but the Court remanded the case for lack of jurisdiction on March 5, 2013. On March 18, 2013, the Magistrate Court of Walton County issued BANA a Writ of Possession.

On October 18, 2013, Plaintiff filed a new cause of action against "Bank of America Corporation also known as Bank of America, NA,"[2] in the Superior Court of Walton County attacking the dispossessory action and alleging wrongful foreclosure.[3] All properly named defendants removed that case to this Court, *Restivo v. Bank of America Corporation*, 3:13-CV-128(CAR), based upon diversity jurisdiction. The defendants subsequently filed a motion to dismiss, and on June 9, 2014, the Court dismissed the case

---

[2] Plaintiff sued BANA and BAC in addition to other defendants.
[3] *See* Def.'s Notice of Removal, 3:13-cv-128, [Ex. A, Doc. 1-2, p. 3].

for failure to state a claim upon which relief may be granted. The Eleventh Circuit affirmed the dismissal.

On June 15, 2015, Plaintiff filed a third action against BANA in the Superior Court of Walton County alleging the dispossessory action was void. BANA again removed the case to this Court, *Restivo v. Bank of America, N.A.*, 3:15-CV-72(CAR), but the Court remanded back it to state court for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. On December 26, 2015, the Superior Court of Walton County issued a Final Judgment and Writ of Possession dismissing Plaintiff's claims. Plaintiff has now filed this action claiming that BANA's alleged fraudulent TILA violations void the state court's judgment, and Defendant has filed this Motion to Dismiss Plaintiff's Complaint for multiple reasons.[4]

## LEGAL STANDARD

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[5] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint

---

[4] BANA's main argument is that Plaintiff's Complaint should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5). Ordinarily, the Court would give a *pro se* plaintiff an extension of time to perfect service since "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Here, however, Plaintiff was put on notice that BAC and BANA are separate corporations in 2013, *see* Def.'s Notice of Removal, 3:13-cv-128, [Doc. 1, p. 1], and more importantly, perfecting service of process would be futile, because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, res judicata, and the statute of limitations, as explained below.
[5] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

3

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[8] Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[9]

## DISCUSSION

Although Plaintiff's Complaint is less than clear, it essentially raises two claims: (1) Defendant violated TILA at the consummation of Plaintiff's loan; and (2) because of Defendant's fraudulent TILA violations, this Court must overturn the Superior Court of Walton County's Final Judgment and Writ of Possession pursuant Federal Rule of Civil Procedure 60. Both of Plaintiff's claims are barred and must be dismissed.

### I. Relief from State Court Judgment Pursuant to Rule 60(b)

This is Plaintiff's fourth case against BANA arising out of the 2012 foreclosure of her property nearly seven years ago. Here, Plaintiff seeks to have this Court invalidate the Superior Court of Walton County's Final Judgment and Writ of Possession due to

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[7] *Id.*
[8] *Twombly.*, 550 U.S. at 556.
[9] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotations omitted).

fraud. Regardless of the merits (or lack thereof) of Plaintiff's allegations, this Court lacks jurisdiction to grant Plaintiff's request to overturn the state court's judgment.[10]

The *Rooker–Feldman* doctrine "bars a state court loser from later enlisting a federal district court to reverse [her] state court loss."[11] *Rooker-Feldman* applies when "(1) the plaintiff was the loser in state court, (2) the plaintiff is complaining of an injury caused by the state court's judgment, (3) the state court's judgment was 'rendered before the district court proceedings commenced,' and (4) the plaintiff is 'inviting district court review and rejection' of the state court's judgment."[12] Finally, the doctrine only applies to claims that are "inextricably intertwined" with the state court judgment. "A claim is 'inextricably intertwined' with the state court judgment 'if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues.'"[13]

The elements of *Rooker-Feldman* are clearly satisfied here. As evidenced by the Walton County Superior Court's Final Judgment and Writ of Possession which Plaintiff

---

[10] Although BANA does not raise this issue, the Court "must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Asker v. Seminole Tribe of Fla., Inc.*, 730 F. App'x 751, 754 (11th Cir. 2018) ("We needn't determine whether appellants had adequate notice of the district court's intent to dismiss because, as explained below, we conclude that the district court lacked subject-matter jurisdiction to entertain appellants' case.").

[11] *Scott v. Frankel*, 606 F. App'x 529, 531 (11th Cir. 2015) ("the only federal court empowered to review final state court judgments is the Supreme Court of the United States").

[12] *Id. See also Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009).

[13] *Id.* (quoting *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009).

attached to her Complaint, Plaintiff lost in state court. The Superior Court entered its Final Judgment on December 16, 2015, awarding BANA possession of Plaintiff's former property. In claiming the Judgment is void due to fraud, Plaintiff is clearly asking the Court to review and reject the Final Judgment. In her Complaint, Plaintiff blatantly requests that this Court nullify the Superior Court's Final Judgment. Thus, the Court lacks jurisdiction to review the Superior Court of Walton County's Final Judgment, and Plaintiff's claim for relief from judgment under Rule 60 is **DISMISSED without prejudice.**[14]

## II. TILA Violations

Plaintiff's TILA claims are barred both by res judicata and TILA's statute of limitations. Plaintiff alleges that at the consummation of her loan on September 3, 2009, "the actual true lender funding the mortgage loan contract" was "fraudulently concealed," and this fraudulent concealment violated TILA.[15] Clearly aware that res judicata and TILA's statute of limitation pose problems for these claims, Plaintiff alleges that equitable tolling should be applied to "effectuate the congressional intent of TILA."[16] Plaintiff's equitable tolling allegations, however, fail to save her claims.

---

[14] While some circuits have recognized an extrinsic-fraud exception to *Rooker–Feldman*, the Eleventh Circuit has not. *See id.* at 532 n.4.
[15] *Id.* at 4-5.
[16] *Id.* at 3, 7.

6

First, Plaintiff's TILA claims are barred by res judicata.[17] "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."[18] Res judicata applies if the following four elements are met: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."[19] "The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies."[20]

All elements of res judicata are satisfied. This Court—a court of competent jurisdiction—issued a final judgment on the merits when it dismissed Plaintiff's 2013 complaint against BANA for failure to state a claim.[21] Additionally, "claims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions."[22] Here, all of Plaintiff's claim arise out of her loan,

---

[17] Although BANA does not raise the issue of res judicata as an affirmative defense, "[d]ismissal by the court sua sponte on res judicata grounds ... is permissible in the interest of judicial economy where both actions were brought before the same court." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (internal citations and quotations omitted).

[18] *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

[19] *Id.* (citing *See Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir.1992); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir.1990)).

[20] *Id.* (citing *Justice Oaks*, 898 F.2d at 1552).

[21] *Griffin v. Focus Brands Inc.*, 685 F. App'x 758, 760 (11th Cir. 2017) ("[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").

[22] *In re Piper Aircraft Corp.*, 244 F.3d at 1296–97 (11th Cir. 2001).

security deed, and the subsequent foreclosure of her property. Lastly, Plaintiff could have brought her TILA claims in her 2013 complaint.[23]

Plaintiff's claims are also clearly barred by TILA's statute of limitations. TILA actions for statutory damages must be brought within one year, or three years for certain violations, "of the date of the occurrence of the violation."[24] "The violation 'occurs' when the transaction is consummated."[25] Plaintiff alleges in her Complaint that the "TILA violations took place at consummation of the mortgage loan contract transaction"; the loan consummation occurred on September 3, 2009.[26] Therefore, the statute of limitations for Plaintiff's TILA claims ended in September 2010 or September 2012 at the latest.[27]

Furthermore, Plaintiff's assertion that equitable tolling should apply to her TILA claim is unavailing. Although the Eleventh Circuit has held that equitable tolling can be applied to TILA claims when defendants have fraudulently concealed the cause of action from the plaintiff,[28] Plaintiff's allegations in no way show she is entitled to equitable tolling. Plaintiff fails to allege how Defendant fraudulently hid this cause of action from

---

[23] Plaintiff did in fact allege TILA violations in her 2012 Notice of Removal of the dispossessory action. *See* Notice of Removal, 3:12-cv-140, [Doc. 1, p. 2].
[24] 15 U.S.C.A. § 1640(e).
[25] *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).
[26] Pl.'s Complaint, [Doc. 1, p. 6, 5].
[27] Although is it not clear if Plaintiff is seeking rescission, she would not be entitled to rescind since "[t]he right to rescind does not apply to…residential mortgage transaction[s]," and the right expires "3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(f)(1), (a)(3).
[28] *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998).

her, and she fails to allege that she has exercised due diligence in the many years since the consummation of her loan.[29] All Plaintiff alleges is that Defendant violated TILA, but the Eleventh Circuit has stated that a "mere violation of [TILA] cannot serve as extraordinary circumstances that merit tolling."[30] Thus, Plaintiff's TILA claims are clearly time-barred and are hereby **DISMISSED with prejudice**[31] as they are barred by res judicata and fail to state a claim upon which relief can be granted.[32]

The Court **WARNS** Plaintiff that it has the discretion to impose sanctions on abusive litigants, and proceeding *pro se* does not provide a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[33] This is the fourth suit against BANA wherein Plaintiff has attempted to void

---

[29] *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). ("The interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running, and, of course, when she fails to act with due diligence. It bears emphasizing, however, that due diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling.") (citations omitted). t

[30] *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 865 (11th Cir. 2011); *see also Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 838 n.2 (11th Cir. 2010).

[31] Generally, a *pro se* plaintiff must be allowed a chance to amend before their claims are dismissed with prejudice. The Court, however, need not grant leave to amend if amending the complaint would be futile or if the plaintiff has indicated he does not wish to amend his complaint. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002), *en banc* (overruling *Bank* with respect to counseled complaints but not *pro se* complaints). Here, Plaintiff has not attempted to amend her Complaint in response to Defendant's Motion to Dismiss, and amendment would be futile since Plaintiff's claims are barred.

[32] *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920–21, 166 L. Ed. 2d 798 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

[33] *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988).

the foreclosure of her house and her dispossession. The Superior Court of Walton County issued its Final Judgment and Writ of Possession four years ago in 2015. **If Plaintiff persists in filing meritless law suits against this same Defendant, the Court will consider imposing sanctions.**

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss [Doc. 5] Plaintiff's Complaint is hereby **GRANTED**.

**SO ORDERED,** this 10th day of March, 2019.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT